UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>    Petitioner,<br><br>    v.<br><br>MARCUS POLLARD, Warden,<br><br>    Respondent. | No. 2:20-cv-00549 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to stay his federal habeas petitioner pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). ECF No. 7. Petitioner states he is seeking a stay to exhaust his three unexhausted claims in the California Supreme Court. Id.

    Pursuant to the King, 564 F.3d 1133, and Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002) stay procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King/Kelly stay and abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, unlike a Rhines stay, the King/Kelly procedure *does not itself toll the statute of limitations for the*

1  *unexhausted claims*. If the claims are not timely pursuant to the one-year state of limitations set
2  forth in 28 U.S.C. § 2244(d), including relation-back to an exhausted claim, or statutorily or
3  equitably tolled if otherwise untimely, petitioner's King/Kelly stay may have been a waste of time
4  as far as the federal courts are concerned.

5  Under the King/Kelly procedure, petitioner is required to file an amended petition deleting
6  his exhausted claims. Although petitioner has failed to do so here, rather than require petitioner to
7  file an amended petition due to statute of limitations concerns, the court will strike the
8  unexhausted claims (claim two—ineffective assistance of counsel based on trial counsel's failure
9  to request instruction on the lesser included offense; claim three—petitioner's sentence was
10 excessive and violated the 8th Amendment's cruel and unusual punishment; claim four—
11 ineffective assistance of counsel based on trial counsel's failure to raise an objection to the
12 sentence imposed) without prejudice. It will therefore be recommended that petitioner's motion to
13 stay be granted pursuant to King and Kelly.

14 Petitioner is again reminded that no statute of limitations protection is imparted by a
15 King/Kelly stay, nor are exhausted claims adjudicated during the pendency of such a stay.
16 Accordingly, petitioner need not wait for the adoption of these findings and recommendations to
17 exhaust his claims in the California Supreme Court.

18 In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court
19 assign a district judge to this action.

20 Further, IT IS HEREBY RECOMMENDED that:

21 1. Petitioner's motion to stay (ECF No. 7) be granted and this action be administratively
22 stayed pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) and Kelly v. Small, 315 F.3d
23 1063, 1070–71 (9th Cir. 2002);

24 2. The unexhausted claims in the original action, claims two, three, and four, be stricken
25 without prejudice;

26 3. Within 30 days of the adoption of these findings and recommendations, petitioner be
27 directed to inform the court the status of his state court petition; and

28 4. Within 30 days of the California Supreme Court issuing a final order resolving

petitioner's unexhausted claims, petitioner be directed to file a motion to lift the stay, along with an amended petition containing all exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: June 19, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE